## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* D.W.

No. 12-1013 (Hardy County 11-JA-20)

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Jonathan G. Brill, from the Circuit Court of Hardy County, which terminated her parental rights to child D.W. by order entered on August 3, 2012. The guardian ad litem for the child, Marla Zelene Harman, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2011, DHHR filed a petition against Petitioner Mother and the child's father alleging unsafe and unsanitary living conditions in the home. On one visit, for instance, there was canine fecal matter, both dried and fresh, strewn about the floor; the toilet was filled with human feces with an overwhelming odor; and dirty dishes, trash, and clothing were scattered through the home. At another time, the family's Child Protective Services ("CPS") worker reported that the family was homeless. Petitioner Mother was granted a six-month post-adjudicatory improvement period with services. At the end of Petitioner Mother's improvement period, the circuit court heard the case for disposition in July of 2012. Ultimately, the circuit court terminated Petitioner Mother's parental rights to D.W. by its order entered in August of 2012. Petitioner Mother appeals.

On appeal, Petitioner Mother argues that the circuit court abused its discretion in terminating her parental rights when termination was not the least restrictive alternative and when petitioner made substantial progress to remedy the allegations of abuse and neglect in the petition. Although petitioner's attempts to obtain employment were not fruitful, she argues that she acquired Social Security income to secure steady financial income for her child. Petitioner also asserts that she actively participated in visitations with D.W., actively participated in services, and made substantial efforts to procure stable housing.

The child's guardian ad litem and DHHR respond in support of the circuit court's termination order. They argue that Petitioner Mother failed to show that she would substantially

1

comply with an improvement period. Petitioner Mother failed to obtain employment or housing and was inconsistent with visiting D.W. Rather, they argue that Petitioner Mother engaged most of her time on the internet meeting men, and that anything Petitioner Mother may have learned from her adult life skills training or parenting services were not applied. Respondents argue that the circuit court correctly considered Petitioner Mother's lack of sufficient progress in her improvement period and, consequently, it did not err in finding that this insufficient progress would be unsafe for the child. Similarly, the circuit court did not err in terminating Petitioner Mother's parental rights to D.W. instead of using an alternative disposition.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. Under West Virginia Code § 49-6-12, circuit courts have the discretion to grant, deny, or terminate an improvement period. The Court finds that the circuit court considered petitioner's participation in her improvement period and was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Mother's parental rights to D.W.

Affirmed.

2

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II